LARIO, J. T. C.
Plaintiff, owner of various parcels of land situated in Voorhees Township, appeals from 12 judgments entered by the Camden County Board of Taxation assessing “omitted-rollback” taxes on six lots for the tax years 1977 and 1978.
Plaintiff complains that:
1. The action of the township was procedurally incorrect in that it failed to follow the requirements for assessing omitted property, as outlined in N.J.S.A. 54:4-63.12 et seq., and,
2. The lots were not subject to farmland rollback taxes for the years 1977 and 1978.
N. J.S.A. 54:4-23.9 of the Farmland Assessment Act sets forth the procedure for the assessment of rollback taxes. It provides the method to be followed “shall be governed by the procedures provided for the assessment and taxation of omitted property under Chapter 413 of the Laws of 1947 [N.J.S.A. 54:4-63.12 et seq.]."
The township’s assessor admitted that he did not follow the procedure set forth in N.J.S.A. 54:4-63.12 et seq., but instead used the methods prescribed by N.J.S.A. 54:4-63.31 et seq., known as the “Alternate Method.”
*66 At the hearing before this court the assessor testified he did not follow the method outlined in the Farmland Assessment Act because he did not institute farmland rollback taxes against the lots under appeal but instead placed regular omitted assessments against the lots for two years based upon the Omitted Assessment Act.
The assessor initially assumed his duties as assessor in the beginning of 1978. In early 1978, while he was processing forms to be sent to the State of New Jersey, he ascertained that no application for farmland assessment existed for plaintiff for the subject properties for the tax year 1978. As of November 1978 there had not been filed with him farmland assessment applications for the tax year 1979. He then assessed the subject properties at full value for the tax year 1979, and the taxes based upon the full 1979 assessment have been paid by plaintiff. The full 1979 assessments have not been challenged.
Thereafter, the assessor checked the subject properties’ files and ascertained that although a farmland assessment had been granted to the subject properties for the tax years 1977 and 1978, there were no farmland applications for these years in the files. As a result of his failure to locate the applications for the years in question, the assessor concluded that the granting of farmland assessments for the years in dispute was incorrect; therefore, he assessed the subject properties as “omitted” assessments for the years 1977 and 1978. He stated that he did not intend to nor did he assess the lots for rollback taxes under the Farmland Assessment Act. Since he was placing thereon regular omitted assessments, he stated he had the option under the Omitted Assessment Act to follow procedurally the Alternate Method, which he did. He further testified that when the tax bills were mailed to the taxpayer, a clerk in the office incorrectly noted on the tax bills “omitted-rollback.” The photostatic copies of the judgments entered by the county board which were attached to plaintiff’s complaints also set forth at the top, “omitted-rollback.”
*67 Based upon the assessor’s testimony, there is no question but that the assessments under appeal are not farmland rollback assessments but instead were an attempt by the assessor to impose regular omitted assessments. Since the assessments under appeal are not farmland rollback assessments, the present actions do not constitute an appeal from the imposition of rollback taxes; therefore, plaintiff cannot be heard to object that defendant failed to follow the procedure as set forth in the Farmland Assessment Act for the collection of rollback taxes. In accordance with R. 4:9-2, this court has amended plaintiff’s pleadings and the pretrial order to conform to the evidence produced and convert the complaint to appeals from assessments added to the subject properties under the provisions of the Omitted Assessment Act.
The questions now presented are whether:
1. The farmland assessments granted for the tax years 1977 and 1978 were incorrect, and if incorrect,
2. May this error be corrected by assessing these lots as omitted property as permitted by the Omitted Assessment Act?
The facts established in the instant case are that a farmland assessment was granted for the years 1977 and 1978. For the tax year 1979, since no farmland application was filed, a regular assessment was imposed. The present assessor, who was not the assessor for the assessment dates controlling the tax years 1977 and 1978, testified that after he took office he discovered that the subject properties’ files did not contain the required respective farmland applications for those two years. Upon cross-examination the assessor candidly admitted that he did not have any personal knowledge whether the applications for the two years in dispute had in fact been duly filed since he was not the assessor on the due dates. He further stated it was possible that the applications had been lost or misplaced.
There is no evidence in the record from which a finding can properly be made that farmland assessment applications for the years 1977 and 1978 were not duly filed. Although no direct evidence concerning the filing or lack of filing was presented by *68 plaintiff, it has been well-established that there is a presumption in favor of the correctness of the original assessment made by the local assessor and the person attacking same carries the burden of offering proof to overcome its presumption of correctness. In re Kresge-Newark, Inc., 30 N.J.Super. 489, 105 A.2d 12 (App.Div.1954). Since the farmland assessments were granted for the subject properties for the tax years 1977 and 1978, there is a presumption that all of the requirements of the act to qualify for a farmland assessment had been met. This presumption has not been overcome; accordingly, I find that the municipality has failed to establish that farmland assessments were improperly granted for the tax years 1977 and 1978.
In any event, even if the farmland assessment applications had not been duly filed, I must then address the second question presented, to wit: Whether this failure to file entitles a municipality to increase its assessments by levying an omitted assessment?
The Omitted Assessment Act, N.J.S.A. 54:4-63.12, provides:
In any year or in the next succeeding year, the county board of taxation may, in accordance with the provisions of this act, assess any taxable property omitted from the assessment for the particular year.
This act was later supplemented by N.J.S.A. 54:4-63.31 et seq., entitled the “Alternate Method,” which granted also to the assessor the right to initiate the restoration of an omitted assessment, L. 1968, c. 184, § 1, and it directed a different procedure to effect same. Section 63.31 provides:
In any tax year or in the next succeeding tax year the assessor or board of assessors of any taxing district, may in accordance with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year.
In explanation of assessment practices, the Local Property Bureau of the Division of Taxation, in its Handbook for New Jersey Assessors (rev. ed. June 1980), states:
702.1 Purpose. The purpose of the omitted assessment law is to provide for the taxation of real and personal property which, through error, has been omitted from assessment. Two methods are available under the statutes for levying an omitted assessment; the regular method; and the alternate method.
*69 Under both of the above-cited acts, either the county board or the local assessor may assess “any taxable property omitted from the assessment list for the particular year” or the prior year. The burden of proof is upon the municipality to establish that the specific property in question has been omitted from the assessment rolls. It was held in Bogota v. Brewster Equip. Co., 83 N.J.Super. 586, 599, 200 A.2d 629 (App.Div.1964), that “the property alleged to have been omitted must be specified and proved within a reasonable degree. The proofs must not be only persuasive, but convincing.”
The word “omit” has a clear meaning and has been defined as “To leave out or unmentioned; not to insert, include, or name.” Webster’s New International Dictionary (2 ed. 1957).
The two omitted assessment statutes, supra, clearly require that a specific property be omitted, i. e., left out, not mentioned. In the instant case it is clear that the lots which are the subject matter of this appeal were not omitted properties. They may have been incorrectly valued or assessed but they were definitely assessed and included on the assessor’s tax rolls. As such, the lots were not “omitted property” as contemplated by the Omitted Assessment Act; therefore, they may not now be assessed under that act. In effect, what the assessor did when he instituted this action was to increase the assessments; however, he did not add a new property assessment which had been overlooked or left out of the original assessment list. If the municipality desired to contest the correctness of its original assessments, it should have been done so by a timely appeal to the county board of taxation by August 15 of the respective tax years in question. Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157, 166, 65 A.2d 828 (1949).
This decision is not to be construed as deciding that the township is not entitled to a farmland rollback assessment as prescribed by the act. This issue is not presently before the court.
Judgment will be entered reversing the judgment of the county board of taxation and vacating the omitted assessments which were added thereby.