ANDREW, J.T.C.
In this local property tax case plaintiff, Chevron U.S.A., Inc., objected to an offer of proof by defendant, City of Perth Amboy, on the value of certain of plaintiffs real property and in the alternative plaintiff also objected to this court giving any consideration to such valuation proof. In the presentation of its case for tax years 1984 and 1985, plaintiff had been under the impression that its pollution control equipment, although constituting real property, was exempt from local property taxation pursuant to N.J.S.A. 54:4-3.56 and therefore, in establishing the fair market value of its real property, plaintiff regarded it as unnecessary to demonstrate the value of that equipment.
Over plaintiff’s objection, I permitted one of defendant’s appraisal experts to testify as to the value of these items, subject, of course, to such testimony not being considered if, in fact, the pollution control equipment was tax exempt or for some other reason was not to be considered as part of the total assessable value of plaintiff’s real property.
At the completion of the valuation hearings the parties were given the opportunity to file briefs with regard to this issue. The facts, as can be gleaned from the papers submitted by the parties, are as follows.
The pollution control equipment involved in this matter was acquired at various times by plaintiff. Initially, plaintiff installed some of this equipment in 1975-1976 in connection with its Perth Amboy refinery modernization project (PARM). Plaintiff asserts, and defendant does not dispute, that in 1974, in anticipation of the PARM project, plaintiff and defendant entered into an agreement pursuant to which, among other things, the *574 pollution control equipment would not be subject to local property taxation.
Plaintiff also asserts, and again defendant does not deny, that, pursuant to this agreement, the assessor may not have included the pollution control equipment in his assessment lists and records. Plaintiff now concedes, however, that it did not comply with the exemption certificate requirements of N.J.S.A. 54:4-3.56[1] and therefore, the pollution control equipment installed by plaintiff in 1975-1976 was not exempt from local property taxation.
In 1979-1980 plaintiff installed two additional pollution control devices for which plaintiff again concedes that it did not obtain the exemption certificates required by N.J.S.A. 54:4-3.56 and, therefore, this equipment also did not qualify for exemption from local property taxation.
Although the pollution control equipment in question is not legally entitled to tax exemption, plaintiff still maintains that defendant may not introduce evidence of the fair market value of such equipment nor may this court consider such evidence in arriving at a conclusion as to the fair assessable value of plaintiffs real property. While defendant argues, citing Gehin-Scott v. Willingboro Tp., 176 N.J.Super. 642, 648, 1 N.J.Tax 546, 424 A.2d 481 (Tax Ct.1980), that the PARM agreement entered into by plaintiff and defendant relative to the assessability, for local property tax purposes, of the pollution control equipment is illegal and unenforceable, plaintiff does not con *575 tend that the PARM agreement is legally enforceable. Rather, it is plaintiffs position that because of the PARM agreement the assessor failed to assess the pollution control equipment installed by plaintiff in 1975-1976. With regard to the devices constructed by plaintiff in 1979-1980, plaintiff asserts that the assessor’s records reflect that he also failed to assess these pollution control facilities.
Inasmuch as the assessor failed, for whatever reason, to assess the pollution control equipment, it is now plaintiff’s contention that defendant may not introduce proof as to the value of this equipment nor may this court consider such proofs in determining the appropriateness of the challenged assessments.
Both parties begin their legal arguments by referring to N.J.S.A. 54:4-1 which provides:
All property real and personal within the jurisdiction of this State not expressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter. Such property shall be assessed at the taxable value prescribed by law____ Property omitted from any assessment may be assessed by the county board of taxation, or otherwise, within such time and in such manner as shall be provided by law.
Defendant contends that since this statutory provision makes it abundantly clear that all real property not expressly exempted or excluded is subject to local property taxation, and as plaintiff concedes that its pollution control equipment was not exempted or excluded, defendant must be permitted to demonstrate, and this court must consider, the taxable value of plaintiff’s equipment.
Plaintiff, however, emphasizes the statutory language dealing with “[property omitted from any assessment” and contends that the statutory scheme contemplates that an assessment can only include “the taxable value of the real property actually assessed; otherwise, there would be no need for the omitted assessment provisions.” Then plaintiff asserts that the very fact that there are statutory provisions for omitted assessments, see N.J.S.A. 54:4-63.12 et seq. (original method) and -63.31 et seq. (alternate method), means that the omitted assessment procedures must be pursued “if an item of real property *576 has not been assessed.” Following this line of reasoning plaintiff argues that “[i]t would seeni to follow, therefore, that the validity of an assessment can only be determined in light of the value of real property actually assessed.”
Therefore, plaintiff concludes that inasmuch as the assessor failed to assess plaintiffs pollution control devices and then failed to follow the statutory procedures for omitted assessments “the value of such devices may not be considered in passing upon the propriety of the assessment.”
It should be noted at this point that neither Perth Amboy, under N.J.S.A. 54:4-63.13 (original method), nor the assessor, under N.J.S.A. 54:4-63.31 (alternate method), may obtain an additional assessment of “any taxable property omitted from the assessment list” for tax years 1984 and 1985 because it is now beyond the statutory time prescriptions in each statute.
Plaintiff claims, citing Boardwalk Properties v. Atlantic City, 5 N.J.Tax 192 (Tax Ct.1983) as authority, that since the tax assessor “omitted the pollution control devices entirely from his assessments” and “the proper method [for] adding the taxable value of those devices to the assessments is by way of the” omitted assessment procedures and the time for pursuing such omitted assessments has passed “Perth Amboy may no longer add any omitted assessment to the assessment of Chevron’s refinery for the tax years under appeal.” I can find no fault with plaintiff’s assertion, for the reasons stated by plaintiff, that Perth Amboy may not seek to “add any omitted assessment to the assessment of Chevron’s refinery for the tax years under appeal.” Plaintiff, however, falls into error when it claims that because defendant cannot seek an additional omitted assessment that this court cannot now consider the values of pollution control improvements to sustain the validity of the existing assessments.
Plaintiff misperceives the role of omitted assessments and the reasoning of Judge Rimm in Boardwalk Properties v. Atlantic City, supra. To begin with, as noted in Boardwalk Properties, supra:
*577 N.J.S.A. 54:4-23 provides that ail real property shall be assessed to the owner on October 1 in each year. The assessor is required to determine
... the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 next preceding the date on which the assessor shall complete his assessments____
N.J.S.A. 54:4-35 provides that the assessor shall complete the preparation of his assessment list as of the following January 10. The assessments are to indicate a separate taxable value for the land and a separate taxable value for the buildings and improvements. The sum of such separate values are the assessed value of the parcel. N.J.S.A. 54:4-26.
Once the assessment has been fixed by the assessor and reviewed by the county board of taxation, N.J.S.A. 54:4-46 and 47, it is subject to appeal by either the taxpayer or the taxing district to the county board of taxation. N.J.S.A. 54:3-21. A petition of appeal must be filed with the county board of taxation by August 15 of the tax year except that either party may appeal directly to the Tax Court by August 15 if the assessed valuation exceeds $750,000. [ 5 N.J.Tax at 194; emphasis supplied]
In the event that an assessor has failed, through mistake or oversight, to assess some taxable property the Legislature has provided two methods by which these omissions may be added to the tax rolls. As indicated by Judge Lario in Cherry Hill Indus. Props, v. Voorhees Tp., 3 N.J.Tax 63 (Tax Ct.1981), rev’d on other grounds 186 N.J.Super. 307, 452 A.2d 673 (App.Div.1982), aff’d as mod. 91 N.J. 526, 453 A.2d 850 (1982):
The Omitted Assessment Act, N.J.S.A. 54:4-63.12, provides:
In any year or in the next succeeding year, the county board of taxation may, in accordance with the provisions of this act, assess any taxable property omitted from the assessment for the particular year.
This act was later supplemented by N.J.S.A. 54:4-63.31 et seq., entitled the “Alternate Method,” which granted also to the assessor the right to initiate the restoration of an omitted assessment, L.1968, c. 184, § 1, and it directed a different procedure to effect same. Section 63.31 provides:
In any tax year or in the next succeeding tax year the assessor or board of assessors of any taxing district, may in accordance with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year. [ 3 N.J.Tax at 68]
“The purpose of the omitted assessment law is to provide for the taxation of real and personal property which through error has been omitted from assessment.” Local Property Bureau of the Division of Taxation, Handbook for New Jersey Assessors (rev. ed. June 1980) at VII-13. Omitted assessments are thus designed to “prevent any taxable properties from escaping *578 taxation.” Id. at VII-14; Appeal of N.Y. State Realty & Terminal Co., 21 N.J. 90, 97, 121 A.2d 21 (1956).
As previously noted, because of statutory timelines, neither defendant nor the tax assessor can now seek to obtain an increase to an existing assessment in the form of an omitted assessment based on some mistake or inadvertence on the part of the assessor. But that is not what defendant seeks to do in this case. Perth Amboy is not seeking an increase in the existing assessment based on some omission of the tax assessor (which is what an omitted assessment is designed to do) but rather Perth Amboy seeks to defend the validity of its existing assessment on the basis of the “full and fair value” of all land and improvements that constitute plaintiffs “parcel of real property.” N.J.S.A. 54:4-23.
Accepting the proposition that the assessor did in fact fail to assess plaintiffs pollution control facilities, Perth Amboy, because of time limitations, is now precluded from obtaining additional omitted assessments on plaintiffs real property. As such plaintiff secured the benefit of escaping ad valorem taxation of its pollution control equipment from the time of installation through at least tax year 1983. There is nothing, however, in the omitted assessment law which precludes defendant, in the present proceeding, from now presenting proof of the value of all of plaintiffs real property as of the relevant assessment dates to sustain the validity of the existing assessments.
In this regard plaintiff's reliance on Boardwalk Properties v. Atlantic City, supra, is clearly wide of the mark. In Boardwalk Properties the regular assessment for 1980 was set at:
Land $150,000
Improvements _q_
Total $150,000
Subsequently, the Atlantic County Board of Taxation imposed an omitted assessment in the amount of $853,000 attributable to the improvements. The taxpayer sought an order from the *579 Tax Court striking the omitted assessment because the property had been included in the regular assessment list for 1980 and thus the omitted improvements assessment was nothing more than an attempt to revalue property on which a final assessment had been made. In defense of the omitted assessment the assessor indicated that there were partially completed improvements on the property as of the assessment date for tax year 1980, and that he had not assessed the partial improvements at a “0” value, but rather inadvertently failed to consider them. In concluding that the imposition of the omitted assessment for the partial improvements was proper, Judge Rimm of this court said:
In the present case there is no evidence that the assessor considered the improvements on the subject property and concluded they had no value. If there were such evidence before the court [taxpayer’s] motion would have to be granted. In the latter event the assessor would in fact be using the omitted assessment statute to avoid the time requirements of the appeal process____ The court finds that the assessor did not determine that the improvements had no value as of October 1, 1979, but rather that he omitted altogether to assess the improvements. [ 5 N.J.Tax at 198]
Plaintiff, relying on the above quoted language, contends that the proper method of “adding the taxable value of [plaintiff’s pollution control] devices to the assessments is by way of the procedure set forth in the omitted assessment statutes,” the time for which has expired. As previously noted, however, defendant does not seek to add the taxable value of the pollution control equipment to the existing assessments. Rather, defendant merely seeks to defend the validity of the existing assessments which requires proof of the “full and fair value” of all of plaintiff’s real property. Nothing in Boardwalk Properties precludes that. As a matter of fact Boardwalk Properties is simply irrelevant in the context of this case.
Additionally, plaintiff argues that it would make a mockery of the statutory framework for the correction of assessor errors within established time periods to permit defendant to defend the existing assessment by providing value proofs of property that was not actually assessed. To permit this, plaintiff asserts, “would make the appeal process a ‘game of chance’ for the taxpayer who would face the neverending prospect of *580 additions to the assessment to add value on improvements never even assessed or to sustain an invalid assessment.” This argument is also unconvincing. If Perth Amboy had challenged the 1984 and 1985 original assessments by filing its own timely complaints, plaintiff could hardly argue that defendant was bound by the tax assessor’s omissions. Clearly a municipality can challenge an assessor’s errors by filing timely complaints. N.J.S.A. 54:3-21. Here, plaintiff filed timely complaints seeking assessment reductions for tax years 1984 and 1985 and raised the issue of the correctness of the 1984 and 1985 original assessments. There seems to be no logical reason why defendant could have questioned the assessor’s omission or mistake in its own timely complaints but cannot now seek, in defense of plaintiff’s complaints, to sustain the validity of the same assessments by demonstrating the “full and fair value” of each parcel of plaintiff’s real property.
It is plaintiff who has invoked the statutory jurisdiction of this court by filing timely complaints pursuant to N.J.S.A. 54:3-21 and has asked for complete review of its assessments. At the same time that plaintiff contends that the tax assessor made errors in the valuation of its real property (in that the assessments are excessive) and admits the taxability of its pollution control devices, it argues that defendant may not demonstrate the errors made by the assessor relative to plaintiff’s pollution control facilities. Absent some authority precluding defendant’s proofs as to values of items an assessor may have failed to consider this court cannot compound the assessor’s error by refusing to permit such proofs.
Plaintiff also claims that permitting defendant to offer proof of the value of plaintiff’s pollution control facilities would violate “the right of the taxpayer ‘to rely on the finality of the original assessment’ for the particular tax year in issue.” It is plaintiff who opened the door to this court’s review of plaintiff’s original assessments. Inasmuch as defendant had not filed complaints challenging plaintiff’s assessments, if plaintiff had not filed its complaints the original assessments for 1984 *581 and 1985 would have been final. Plaintiff precluded the finality of its original assessments by filing timely complaints. It simply makes no sense for plaintiff to assert a right to finality on one hand and specifically preclude finality by contesting an assessment on the other hand.
Lastly, and perhaps most important, plaintiff has overlooked the nature of a proceeding in the Tax Court. N.J.S.A. 2A:3A-4b. directs this court to hear and determine all issues of fact and law de novo. A hearing de novo has been defined to be:
Generally, a new hearing or a hearing for the second time, contemplating an entire trial in same manner in which matter was originally heard and a review of previous hearing. On hearing “de novo” court hears matter as court of original and not appellate jurisdiction. [Black’s Law Dictionary (5 ed. 1979) at 649]
By use of the term de novo the Legislature intended that this court consider an original assessment completely anew. As our Supreme Court noted in Pantasote Co. v. City of Passaic, 100 N.J. 408, 495 A.2d 1308 (1985), “on de novo review, the Tax Court may determine a true value different from the original assessment, the County Board’s assessment, or the taxpayer’s valuation.” Id. at 416, 495 A.2d 1308. The statutory criterion for a local property tax assessment is “the full and fair value of each parcel of real property ... at such price as ... it would sell for at a fair and bona fide sale by private contract on October 1” of the pretax year. See N.J.S.A. 54:4-23. A parcel of real property means a unit of land together with all of its improvements, if any. Newark v. West Milford, 9 N.J. 295, 304, 88 A.2d 211 (1952).
Therefore, whether the tax assessor failed to consider the pollution control equipment in his assessment of plaintiff’s real property is of no significance. This court is required, upon plaintiff’s complaint, to review the assessment de novo and apply the same statutory criteria that direct the assessor in the discharge of his statutory duty. That requires a consideration of all of plaintiff’s real property “not expressly exempted” or “expressly excluded” from local property taxation. N.J.S.A. 54:4-1.
*582 Defendant poses an example that illustrates the unpersuasiveness of plaintiffs position.
For example; an assessor may have considered that he was assessing a structure as a three story building and valued it accordingly. Upon appeal, it develops that the building was in fact a six story building. The fact that the assessor had in mind a valuation computed upon the erroneous assumption that the building was three stories is of no moment. Upon appeal, the court is compelled by law to assess that property as it existed, to wit: a six story structure.
In sum, based on the foregoing it is my opinion that this court properly permitted defendant’s proofs of the value of plaintiff’s pollution control facilities. Since, however, plaintiff's counsel was operating under the mistaken impression, permitted by the assessor’s records, that these facilities were tax exempt it would only be fair to permit plaintiff the opportunity to submit appraisal testimony as to the value of such equipment. Upon receipt of this opinion counsel are directed to arrange for a telephone conference call with the court in order to schedule a trial date to hear such valuation proofs.

N.J.S.A. 54:4-3.56 provides as follows:
Any equipment, facility or device constructed or installed either prior to or subsequent to the effective date of this act and used primarily for the purpose of abating or preventing pollution of the atmosphere or the waters of this State and which has been certified to be an air or water pollution abatement facility by the State Commissioner [of Department of Environmental Protection], as hereinafter in this act provided, shall be exempt from taxation under this chapter to which this act is a supplement. [Emphasis supplied]
Plaintiff readily admitted that it was not able to produce the certificates required by this statutory provision.