NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**TAX COURT OF NEW JERSEY**



**MARY SIOBHAN BRENNAN**
JUDGE

Essex County Dr. Martin Luther King, Jr. Justice
Building 495 Martin Luther King Blvd. - Fourth Floor
Newark, New Jersey 07102-0690
(609) 815-2922 Ext. 54600
Fax: (973) 424-2424

April 26, 2024

Evelyn Hoque
54 Williams Avenue
Jersey City, NJ 07304

William Maslo, Attorney at Law
City of Jersey City Law Department
364 MLK Drive
3rd Floor
Jersey City, NJ 07305

Re: **Evelyn Hoque v. City of Jersey City**
Docket No.: 008552-2023

Dear Ms. Hoque and Mr. Maslo:

This shall constitute the court's opinion with respect to Plaintiff, Evelyn Hoque's ("Plaintiff"), summary judgment motion "to modify the tax assessment" of real property owned by her in Jersey City for tax year 2023. Her motion is based on the following four arguments; (1) without a certificate of occupancy and actual occupancy, the assessment is premature; (2) the property meets the criteria for special treatment under the Urban Enterprise Residential Tax Abatement Law; (3) the assessment is disproportionate to similar properties; and (4) the tax assessment value should remain the same until a certificate of occupancy is issued.

The City of Jersey City ("Municipality") opposes the motion on the basis that the motion is not in compliance with the court rules, and that the requested relief by way of summary judgment is inappropriate.

For the reasons stated more fully below, the court denies Plaintiff's motion.






In accordance with R. 1:7-4(a), the court makes the following factual findings based on the submissions of the parties.

## I. Findings of Fact and Procedural History

Plaintiff and her husband, Mahabub Hoque, are the owners of real property located at 52 Williams Avenue, also identified as Block 20501 Lot 76 on the Municipality's tax map ("Subject Property"). Plaintiff has owned the Subject Property since July 31, 2019, and it is her intention to construct a single-family home on the 20 by 90-foot non-conforming lot. At the time of the assessment, October 1, 2022, a foundation wall had been erected on the property. There is no evidence establishing when the construction process began. To date, no certificate of occupancy has been issued, and there is no actual occupancy of the premises.

Prior to tax year 2023, the assessment on the Subject Property was $78,000. For tax year 2023, the Municipality increased the assessment to $369,100 for the Land and $20,000 for improvements, for a total assessment of $389,100. Plaintiff timely appealed her 2023 assessment to the Hudson County Board of Taxation. After a hearing, the Hudson County Board of Taxation issued a Memorandum of Judgment on June 1, 2023, lowering the assessment utilizing code 1B (Assessment Out of Range N.J.S.A. 54:3-22), indicating a revised Land portion of the assessment of $190,000, resulting in a new assessment of $210,000. Unhappy with this reduction, Plaintiff filed a timely appeal to this court on July 20, 2023.

On December 6, 2023, the Municipality served upon Plaintiff a demand for responses to standard interrogatories. On December 8, 2023, Plaintiff filed this summary judgment motion requesting the court to modify the tax assessment. That same date Plaintiff also propounded a discovery request on the Municipality. The court carried the motion to allow both parties to complete discovery.

On April 5, 2024, the Municipality filed opposition to the motion.

On April 12, 2024, the court was copied on an email from Plaintiff to Defendant's counsel which read:

> Mr. Maslo, In reviewing the NJ Assessors Handbook Revised 2022, particularly section '801.02 Property Taxable', it's clear that two types of property are impacted by the Added Assessment Law: 1. Structural Changes, which include new structures, additions to existing structures, and improvements of existing structures. These are subject to the Added Assessment Law if they are completed after the statutory annual October 1 assessment date. A structure is deemed "completed" when it is substantially ready for the purpose for which it was intended. Importantly, the structure need not be in use to be taxable; it becomes taxable when it is ready for use. The single-family residence at 52 Williams Ave in Jersey City falls squarely within this framework. To date, the property remains unfit for use as the structure is incomplete, and we lack both water and sewer connections. Despite the striking down of NJSA 54:23a, current taxation laws continue to prohibit the imposition of an added assessment on properties that are not substantially ready for their intended use. This legal interpretation directly applies to the property at 52 Williams Ave, Jersey City, and I will update my summary judgment request to accurately reflect this stance.
>
> Furthermore, the League of Municipalities versus Kimmelman case of 1987, which emphasized fair and equitable treatment of taxable property, holds significant weight. Assessing higher land values for new construction compared to older construction violates the principles on which NJSA 54:23a was overturned.    Regards, Evelyn

At 1:57 p.m. on Thursday April 25, 2024 (the day before the return date of this motion), Plaintiff sent an email to the court in response to the Municipality's opposition.  In brief, Plaintiff made the following points:

1    The Municipality's focus on procedural aspects such as the absence of a material fact statement should not detract from the core issue: the unlawful tax assessment of her property.

2    The New Jersey Assessors Handbook Revised 2022, section '801.02 Property Taxable', delineates the conditions under

which properties are subject to the Added Assessment Law. It explicitly states that structural changes, including new constructions, are taxable only when they are substantially ready for their intended use. As of now, the single-family residence at 52 Williams Ave remains incomplete, lacking essential utilities such as water and sewer connections, thereby rendering it unfit for use. This fact alone should exempt the property from the added assessment imposed by the City.

3    The Municipality's reliance on New Jersey State League of Municipalities v. Kimmelman is misplaced. Assessing higher land values for new construction, as opposed to older properties, contravenes the very principles of equity and uniformity that the Kimmelman decision sought to protect. The improper assessment during the construction phase, unjustly impacts Plaintiff's financial obligations before the completion of the property.

4    The Municipality failed to apply the relevant legal standards correctly in assessing the property at 52 Williams Ave. The imposition of an added assessment on a property that is not substantially ready for its intended use is contrary to the established legal framework.

5    The burden of proof in tax assessments requires the Municipality justify its assessment practices. It must demonstrate that its assessment of the Subject Property is both lawful and equitable.

6    The lack of transparency and failure to provide requested evidence during discovery call into question the validity of the assessment. The Municipality's lack of cooperation in providing publicly available information, as well as evidence pertaining to the assessment practices, is deeply concerning.

The court held oral argument on April 26, 2024.

4

## II. Legal Analysis

### A. Compliance with New Jersey Court Rule 4:46.

When a plaintiff seeks resolution of a tax appeal by way of summary judgment, the New Jersey court rules set forth certain procedural requirements. The summary judgment rules require that the moving party provide "a statement of material facts . . . with or without supporting affidavits." R. 4:46-2 (a). The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. Ibid. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts. Ibid.

The court finds that Plaintiff's motion is not in compliance with the court rules with respect to summary judgment motions. Specifically, the moving papers do not contain a statement of material facts as required by R. 4-46-2(a). The Municipality submits that this violation of the rules renders the motion deficient. Furthermore, they claim that Plaintiff's motion is confusing and fails to isolate the issues and the factual considerations necessary for analysis by the Municipality and ultimately the court.

In addition, R. 4:46-1 also requires that responses to opposition papers shall be served and filed not later than four days before the return date – not the afternoon before.

While this court does not condone non-compliance with the rules, considering the interrogatory responses provided by Plaintiff, and in light of all of the circumstances, the court

5

exercises its discretion to relax the rules as permitted by R. 1:1-2.[1] The court finds there is no

injustice by doing so and that a decision on the merits of Plaintiff's summary judgment motion is

more helpful to the parties.

**B.  Summary Judgment.**

When deciding a motion for summary judgment under R. 4:46-2, the court must determine

whether there exists a genuine issue as to any material fact. In addition, the court must determine

whether competent evidential materials have been presented sufficient to permit a rational

factfinder to resolve the issue at hand in favor of the moving party, when viewed in the light most

favorable to the non-moving party.  See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523

(1995).

Plaintiff has advanced multiple arguments in her motion, and the court shall address each

argument applying the above standard.

**(1) N.J.S.A. 54:4-23a bars the increased assessment due to the lack of a Certificate of**

   **Occupancy.**

N.J.S.A. 54:4-23a states in pertinent part:

> Any other law to the contrary notwithstanding, no building or other
> structure newly constructed on any parcel of real property and
> intended for occupancy and use for residential purposes as a single
> family dwelling shall be added to the assessment list as real property
> subject to taxation, until a certificate of occupancy or temporary
> certificate of occupancy has been issued and unless the building or
> other structure is actually occupied and used for such purposes;
> provided, however, that such building or structure shall be omitted
> from taxation for a period not to exceed 24 months. At the
> termination of the 24 month period or following the granting of a
> certificate of occupancy or temporary certificate of occupancy and
> the occupation and use of the building for residential purposes, the
> building or structure shall be assessed and taxed as of the first day

---

[1] R. 1:1-2 is a catch-all relaxation provision that provides "any Rule may be relaxed or dispensed
with by the court in which the action is pending if adherence to it would result in an injustice."

of the month following the date of such use for the proportionate
part of said year then remaining.

[N.J.S.A. 54:4-23a]

The Municipality has correctly pointed out that this statute has been rendered invalid and unconstitutional by the New Jersey Supreme Court in the matter of N.J. State League of Municipalities v. Kimmelman, 105 N.J. 422 (1987). That action sought to declare that N.J.S.A. 54:4-23a, which exempted newly constructed unoccupied single family property from local property taxes, was a special law in violation of N.J. Const. art. IV, § 7, ℙ 9 and N.J. Const. art. VIII, § 1, ℙ 2.

Upon a thorough and exhaustive review of the history, meaning, and interplay of the constitutional provisions at play, our Supreme Court determined that the property tax exemption afforded by N.J.S.A. 54:4-23a violated the uniformity provision of the state constitution, which requires that all real property be taxed by general law and uniform rules.

Consequently, this argument does not provide any basis for modification of the assessment on the Subject Property.

**(2) The Subject Property meets the criteria for Special Treatment under the Urban Enterprise Zone (N.J.S.A. 54:4-3.139) entitling Plaintiff to a modification of the 2023 assessment.**

The New Jersey Constitution, recognizing the need to encourage economic growth through rehabilitation and redevelopment of real property, gives the New Jersey Legislature the power to enact exemption and abatement laws to restore the vitality of depressed areas and to increase municipal ratables upon which property taxes are levied. See N.J. Const. art. VIII §§ 1 ¶ 6, 3 ¶ 1.

Through the power vested in it, the New Jersey Legislature has enacted N.J.S.A. 54:4-3.139, known as the Urban Enterprise Residential Tax Abatement Law.

7

The Legislature has stated that "[p]roperty tax abatements for the construction of certain residential structures . . . will constitute a substantial incentive for owners and investors to improve vacant land and underutilized structures." N.J.S.A. 4:4-3.139(i). Thus, a municipality "may, by ordinance, provide for abatements of real property taxes for qualified residential property." N.J.S.A. 54:4-3.142. Such abatements shall be for a period of five years. N.J.S.A. 54:4-3.142(a).  Municipalities that engage in adopting ordinances to implement this abatement program designate urban enterprise zones ("UEZ") that define geographically what properties may qualify for the abatement program.

N.J.S.A. 54:4-3.142(e)(1) provides that as a condition for receiving an abatement, a municipality may require that the residential property "be occupied by the owner thereof…."

Pursuant to this statutory authority, on December 23, 1985, the Municipality enacted an ordinance, codified in Chapter 323.1 of its Revenue and Finance Code ("the Code"), setting forth the eligibility requirements for tax abatements for "new one and two-family residential structures[.]" Consistent with N.J.S.A. 54:4-3.142(e)(1), "[o]wners of new residential properties . . . are entitled to avail themselves of the opportunity to gain a five-year tax abatement when . . . [t]he newly constructed residential dwelling unit [is] occupied by the owner thereof[.]"

Abatements are essentially a form of partial exemption of local property tax authorized by law.  In addition to the guiding constitutional, statutory, and municipal ordinance laws, there are also certain well-established principles applicable to exemption determinations. Because they represent a departure from the fundamental approach of our statutes that all property bear its just and equal share of the public burden of taxation, exemption statutes are strongly construed against those claiming exemption. Princeton Univ. Press v. Princeton Bor., 35 N.J. 209, 214 (1961). Those claiming an exemption from taxation have the burden of establishing their entitlement to

8

it. Ibid. Strict construction does not require a rigid interpretation that would defeat the evident legislative design, but taxation is the rule, and the claimant bears the burden of proving entitlement to an exemption. New Jersey Carpenters Apprentice Training & Educ. Fund v. Kenilworth Bor., 147 N.J. 171, 177-78, (1996), cert. denied, 520 U.S. 1241 (1997).

It is undisputed that the Subject Property does not yet have a fully constructed single family home with a certificate of occupancy. Although Plaintiff intends to reside at the Subject Property, she does not live there yet. That Plaintiff plans to apply for the tax abatement, is not relevant. Her intent to avail herself of the benefits of the Urban Enterprise Residential Tax Abatement Law does not render the Municipality's 2023 increase in her assessment improper. Plaintiff's argument that the land value of the assessment must remain unchanged from its preconstruction state until construction is completed, and a certificate of occupancy is not supported by existing law.

The court finds no legal basis for affording a taxpayer the benefits of the Urban Enterprise Residential Tax Abatement Law until such time as the legal qualifications have been met. Plaintiff has not received a Certificate of Occupancy and has not made the Subject Property her primary residence. The abatement statute is for the moment inapplicable, and not a basis for modification of the assessment by summary judgment.

**(3) The Assessment of the Subject Property is Disproportionate to Similar Properties and therefore it is overassessed.**

The assessment of real property, despite its assignment of separate land and building values, is essentially a unitary concept pertaining to total true value for purposes of imposition of an ad valorem tax. What is ultimately at stake for both the municipality and the taxpayer is the ultimate number of total tax dollars a single piece of real property, improved or unimproved, is accountable for. The petition of appeal and the form of county board judgment both require that

the total assessment be addressed as well as each of its components, since the ultimate question of fact to be determined is the true value of such property. See Hackensack v. Rubenstein, 37 N.J. 37-39 (1952); Matawan v. Tree Haven Apts., Inc., 108 N.J. Super. 111, 115 (App. Div.1969).

It is a well-established principle that "[o]riginal assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Mountain Lakes Bor., 18 N.J. Tax 364, 373 (Tax 1998). The complaining party bears the burden of proving that the county board judgment is erroneous. Ford Motor Co. v. Edison, 127 N.J. 290, 313-4 (1992). See also Rodwood Gardens, Inc. v. Summit, 188 N.J. Super. 34, 38, (App. Div. 1982) (concluding that on appeal to the Tax Court "a similar presumption [of correctness] attaches to the county board judgment.").

The presumption of correctness stands "until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Township v. Bonsangue, 316 N.J. Super. 271, 285-86, (App. Div. 1998). The complaining party can only rebut the presumption by introducing "cogent evidence" of true value; that is, evidence "definite, positive and certain in quality and quantity to overcome the presumption." Aetna Life Ins. Co. v. Newark City, 10 N.J. 99, 105, (1952).

In evaluating whether the evidence presented meets the "cogent evidence" standard, the court "must accept such evidence as true and accord the plaintiff all legitimate inferences which can be deduced from the evidence." Id. at 376 (citing Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, (1995)). The evidence presented, when viewed under the Brill standard "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the correctness of the assessment,'" or county board judgment. West Colonial Enters, LLC v. City of East Orange, 20 N.J. Tax 576, 579 (Tax 2003) (quoting Lenal Properties, Inc. v. City of Jersey City, 18 N.J. Tax 405, 408 (Tax

10

1999), aff'd, 18 N.J. Tax 658 (App. Div. 2000), <u>certif. denied</u>, 165 N.J. 488, (2000)). "Only after the presumption is overcome with sufficient evidence. . . must the court 'appraise the testimony, make a determination of true value and fix the assessment.'"

The presumption of correctness arises from the view "that in tax matters it is to be presumed that governmental authority has been exercised correctly and in accordance with law." <u>Pantasote Co. v. City of Passaic</u>, 100 N.J. 408, 413, (citing <u>Powder Mill I Assocs. v. Twp. of Hamilton</u>, 3 N.J. Tax 439 (Tax 1981)); <u>See also</u> <u>Byram Twp. v. Western World, Inc.</u>, 111 N.J. 222, (1988).

Real property's fair market value as of a specific date (in this matter October 1, 2022) is a determination of fact and not law. The Hudson County Tax Board cited Code 1B (Assessment Out of range NJSA 54:3-22) as the basis for their judgment reducing the assessment. That statute states in pertinent part:

> **c.** Whenever the county board of taxation is satisfied by the proofs that the ratio of the assessed valuation of the subject property to its true value exceeds the upper limit or falls below the lower limit of the common level range, it shall revise the taxable value of the property by applying the average ratio to the true value of the property except as hereinafter provided.
>
> **d.** If the average ratio is below the county percentage level and the ratio of the assessed value of the subject property to its true value exceeds the county percentage level, the county board of taxation shall reduce the taxable value of the property by applying the average ratio to the true value of the property.

When a taxpayer appeals a county board judgment to the Tax Court, the court's review is de novo, meaning that it hears the case anew and without regard to any legal conclusions or factual findings made by the county board members. <u>See</u> N.J.S.A. 2B:13-3(b) (Tax Court "shall" determine "all issues of fact and of law de novo"). When there is an appeal from a county board judgment, the Tax Court's "jurisdiction is not as a court of review." <u>Rossi v. Twp. of Upper</u>

11

Pittsgrove, 12 N.J. Tax 235, 240 (Tax 1992). This means that the court must "consider all competent evidence and not only that which was presented to the county board." Ibid. See also Chevron U.S.A., Inc. v. City of Perth Amboy, 9 N.J. Tax 571, 581 (Tax 1988) ("[b]y use of the term de novo the Legislature intended that this court consider an original assessment completely anew").

For the court to fulfill its role, the matter requires a hearing with testimony under oath, the admission of evidence, and the Municipality's right to cross-examination and to put on its own case and defense. The court must independently find if the ration of a property's TOTAL assessment when compared to the true market value of the property (assessment/true market value = ratio) falls within the common level range of the municipality. If the ratio is below the lower limit of the common level range, the total assessment should be raised and if the ratio exceeds the upper limit of the common level range the total assessment should be lowered.

The court presumes that the assessment of the Hudson County Board of Taxation is correct. It is the Plaintiff's burden of proving otherwise as it is she who filed the appeal to the Tax Court.

As such, the issue of valuation cannot be determined by means of summary judgment.

**(4) Tax Assessment Should remain the same until a Certificate of Occupancy is issued.**

Plaintiff alleges that "under both the UEZ designation and NJ Statute 54:4-23a, the land value should be assessed at the same rate as before construction" until a certificate of occupancy is issued, and she can submit the necessary application for abatement. She states that the current tax assessment is not valid, and it should be reverted to the 2022 assessment amount of $78,000 until such time as construction is completed.

The record is devoid of sufficient facts or law to support such a conclusion, and therefore this argument cannot be a basis for modifying the assessment on summary judgment.

### III. Conclusion

For the reasons expressed above, the court finds that there are issues of fact sufficient to withstand a motion for summary judgment. Plaintiff is not entitled to a modification of the assessment as a matter of law but must overcome the presumption of validity attached to the Hudson County Board of Taxation's judgment and establish by a preponderance of the credible evidence that the assessment of the Subject Property is too high and falls outside the Common Level Range as established by the Director of the Division of Taxation.

/s/ Mary Siobhan Brennan
Hon. Mary Siobhan Brennan, J.T.C.

13